UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IBRAHIM KARABATAK, | : | |
| | : | |
| Petitioner, | : | Civ. No. 22-6702 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |
| | : | |

Petitioner, Ibrahim Karabatak ("Petitioner" or "Karabatak"), is proceeding *pro se* with an amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 6). Respondent's response to Petitioner's § 2255 motion is due on or before April 6, 2023. Previously, this Court denied Petitioner's motion for bail while this collateral § 2255 action is pending. (*See* ECF 7). Petitioner has now renewed his request for emergency bail during the pendency of these proceedings. (*See* ECF 10). Respondent opposes this request (*see* ECF 15), and Petitioner has filed a reply in support of his bail request. (*See* ECF 16).

Petitioner's motion for bail shall be denied. "[B]ail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Pelullo v. United States*, 487 F. App'x 1, 3 (3d Cir. 2012). In *Landano*, the Third Circuit observed that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.* The court cited two cases that

presented extraordinary circumstances: the first involved a petitioner who was an advanced diabetic and in poor health. *See Johnson v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955); the second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In *United States v. Stewart*, 127 F. Supp. 2d 670, 671-72 (E.D. Pa. 2001), the District Court for the Eastern District of Pennsylvania denied a motion for bail brought by a § 2255 petitioner who alleged that he had a strong likelihood of success on the merits. The court denied the motion finding that the government has not yet had a fair opportunity to respond to the petition, which raised novel and complex issues. *See id.* at 672. The *Stewart* court further found even if the petitioner had a high probability of success on the merits, he must also demonstrate that extraordinary circumstances exist that warrant bail and had not done so. *See id.* Here, like in *Stewart,* the government has not yet fully responded to Petitioner's amended § 2255 motion.

As for other extraordinary circumstances, Petitioner first states that he is due to be released in July, 2023. However, Petitioner was sentenced to one year and one day imprisonment, far longer than the 120-day sentence which constituted extraordinary circumstances in *Boyer*. *Cf. Ancona v. Lantz*, No. 05-363, 2005 WL 839655, at *9-10 (noting that a case for bail is more compelling *after* a court has granted a habeas petition and denying bail to petitioner who many only end up serving three months).

Furthermore, and perhaps most importantly, Petitioner is no longer incarcerated. He has been released to home confinement since January, 2023. Petitioner though argues that home confinement remains insufficient for his needs because he "is not permitted to earn a living as he cannot operate his business." (*See* ECF 10 at 1). While Petitioner alludes to his inability to earn a

living while on home confinement, he does not contest Respondent's statement that, according to Federal Bureau of Prisons ("BOP") officials, he is working full-time. (*See* ECF 15 at 1). Petitioner further fails to provide this Court with any information regarding what type of business he would like to operate on his own. Given Petitioner is on home confinement and appears to be earning a living, this Court does not find this argument by Petitioner warrants extraordinary circumstances to grant Petitioner bail.

Petitioner's final argument for bail is that family members in Turkey are suffering tremendously because of the earthquake that befell a portion of that country earlier this year. This Court is obviously sympathetic to the impact such a natural disaster may have had on those affected by the earthquake. Nevertheless, in this case, Petitioner fails to show this argument merits a finding of extraordinary circumstances to warrant granting *him* bail. For example, Petitioner does not state that there are no other family members or friends that can help his loved ones suffering in Turkey. Petitioner also does not allege he cannot communicate with his loved ones and/or that he is unable to send financial assistance to them now that he is no longer incarcerated, but rather out on home confinement and working. Thus, for the foregoing reasons, Petitioner fails to show extraordinary circumstances warrant granting bail in this case such that the motion will be denied.

Accordingly, IT IS on this 3rd day of April, 2023,

ORDERED that Petitioner's emergency motion for bail (ECF 10) is denied;

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge